

# Missouri Court of Appeals

### Southern District

#### In Division

IN RE THE MARRIAGE OF )
BRITTANY M. SMITH, )
 )
    Respondent, )
v. )
 )
PATRICK A. SMITH, )
 )
    Respondent, )    No. SD38151
 )
and )    **Filed: September 5, 2024**
 )
GOLDIA M. KRANAWETTER, )
 )
    Proposed Intervenor/Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable David B. Pearson, Judge

## <u>REVERSED AND REMANDED</u>

The sole issue in this appeal is whether the trial court erred in denying a grandmother's motion to intervene in a parents' dissolution proceeding. Goldia Kranawetter ("Grandmother") filed a motion to intervene pursuant to section 452.402, which provides "[a] grandparent shall have the right to intervene in any

dissolution action solely on the issue of visitation rights."[1] § 452.402.1(1). Because Grandmother demonstrated an unconditional right to intervene and made a timely motion, the trial court had no discretion to deny her motion to intervene.

## Background

Grandmother is the maternal grandmother of Father and Mother's minor child. In 2020, Father and Mother divorced and were granted joint legal and joint physical custody of their child. In 2021, both Father and Mother filed motions to modify the judgment due to a change in circumstance. While these motions were pending, Grandmother filed a motion to intervene pursuant to section 452.402, alleging she had a right to intervene as the child's grandmother when visitation had been denied to her.[2] Grandmother also filed a motion to modify the parenting plan, alleging the child had resided in her home for six months out of the past 24 months and that she had unreasonably been denied visitation for more than 60 days.[3]

The court held a hearing on Grandmother's motion to intervene. Grandmother argued:

> That's the maternal grandparents of the child. We filed a motion to intervene. They're seeking grandparent visitation. The statute on

[1] All statutory citations are to RSMo. 2016 as supplemented.

[2] Child's step-grandfather joined in the motion to intervene but later abandoned his claim. Only Grandmother's claim is relevant to this appeal.

[3] Rule 52.12(c) requires that the motion to intervene "state the grounds therefor, and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Grandmother's motion to modify the parenting plan alleging she had been unreasonably denied visitation satisfies Rule 52.12(c)'s requirement that the motion be accompanied by the claim for which intervention is sought. All rule references are to Missouri Court Rules (2023).

grandparent visitation allows the [c]ourt to consider grandparent visitation with -- when the grandparents have been unreasonably denied visitation for more than 60 days in the statute when there's a pending -- or when the parents have filed for dissolution, which they have here. There has been a dissolution. I think this is a motion to modify that's pending now. But under the statute it grants grandparents the right to intervene and the right to file a motion to modify the original dissolution action to address grandparent visitation rights. So the parties may have issues about whether or not clients should have visitation rights, but I think the statute clearly grants them the right to at least intervene and be heard on the matter of whether or not they should have visitation rights. And so, we're asking you to grant our motion and allow them to intervene as a party in the action.

Mother opposed Grandmother's motion, and argued Grandmother was attempting to disrupt the parents' settlement and that Grandmother had not been denied visitation. Father echoed Mother's opposition to Grandmother's motion to intervene, arguing it was an attempt to "blow up" the parties' settlement. On the same day as the hearing on Grandmother's motion, Mother and Father submitted a proposed parenting plan and a joint affidavit for modification of the judgment.

The trial court denied Grandmother's motion to intervene on the grounds she failed to show she had "unreasonably been denied visitation for the child for a period exceeding 90 days." It also modified its Judgment and ordered the parents to comply with the parenting plan they had jointly submitted to the court. The court's judgment ordered Father to "not leave the minor child unattended" with Grandmother.

Grandmother filed a motion to reconsider the denial of her motion to intervene. At the hearing on that motion, Grandmother argued:

And so our position, and I believe the case law is clear, as I cited in *Tompkins v. Ford* in our motion, that the grandparent has a right to

3

file a motion to modify and to intervene. Now, whether or not you grant the grandparent visitation, it is a separate issue. But once the grandparent has been allowed to intervene and brings a motion to modify, then presumably there would be a hearing and there may be evidence presented on that issue of what was in the child's best interest and whether or not the grandparent was unreasonably denied visitation for 60 days or longer, and so forth. And so, what we are arguing to you, Judge, is that you denied the motion to intervene before -- in error, because the grandparent has a right to intervene and file a motion to modify. And that denying it on the basis of the grandparent failing to show that they've unreasonably been denied visitation for more than 90 days, that's the -- that comes after the issue of whether they then -- they then file a motion to modify.

The trial court denied the motion to reconsider. Grandmother appeals the trial court's denial of her motion to intervene.

## Discussion

Grandmother argues the trial court erred in denying her motion to intervene under section 452.402, because the statute "gives grandparents the right to intervene and file a motion to modify a dissolution decree to seek visitation rights when visitation has been denied [to] them[.]"

### Standard of Review

"A circuit court's decision regarding intervention as a matter of right will be reversed when 'there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.'" ***Robinson v. Missouri Dep't of Health & Senior Servs.***, 672 S.W.3d 224, 231 (Mo. banc 2023) (quoting ***Johnson v. State***, 366 S.W.3d 11, 20 (Mo. banc 2012)). "[W]hen an intervenor demonstrates the criteria for intervention under Rule 52.12(a) are met, 'the right to intervene is absolute and the motion to intervene

4

may not be denied.'" *Id.* (quoting *State ex rel. Nixon v. American Tobacco Co.*, 34 S.W.3d 122, 127 (Mo. banc 2000)).

## Analysis

Rule 52.12 governs the procedure a party must follow to intervene in a pending action. "Rule 52.12 applies to both intervention as a matter of right and permissive intervention." *Corson v. Corson*, 640 S.W.3d 785, 788 (Mo. App. E.D. 2022). When a statute of this state confers an unconditional right to intervene, a party can intervene as a matter of right and Rule 52.12(a) applies. *Reddick v. Spring Lake Estates Homeowner's Ass'n*, 648 S.W.3d 765, 783 (Mo. App. E.D. 2022). This rule provides:

> **(a) Intervention of Right.** Upon timely application anyone *shall* be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 52.12(a) (emphasis added). Thus, under Rule 52.12(a), a litigant seeking intervention of right must demonstrate two things: (1) a right to intervene and (2) a timely filed application. *Corson*, 640 S.W.3d at 788. If these two requirements are met, the trial court may not deny the motion to intervene. *Robinson*, 672 S.W.3d at 231.

### *Right to Intervene*

Section 452.402 gives a grandparent the unconditional right to intervene in a dissolution proceeding.[4] This statute provides, in relevant part:

> *A grandparent shall have the right to intervene in any dissolution action solely on the issue of visitation rights.* Grandparents shall also have the right to file a motion to modify the original decree of dissolution to seek visitation rights when visitation has been denied to them[.]

§ 452.402.1(1) (emphasis added). Because section 452.402 gives a grandparent the right to intervene in dissolution proceedings, Grandmother satisfied the first criteria under Rule 52.12(a).

### *Timeliness*

The trial court did not deny Grandmother's motion to intervene on timeliness grounds and treated the motion as timely. While a court has little to no discretion in denying a motion to intervene if the criteria for Rule 52.12(a) is met, the trial court does have discretion in determining if the motion is timely.[5] *Corson*, 640 S.W.3d at 788.

---

[4] While grandparents, under common law, had no right to visitation, section 452.402 allows the court to grant visitation rights to grandparents under certain circumstances, including when the grandparent has been unreasonably denied visitation for a period exceeding sixty days, the parents of the child have filed for dissolution, and visitation is in the best interests of the child. § 452.402.1 and § 452.402.2.

[5] Given the paucity of case law on timeliness under Rule 52.12, Missouri courts have looked to federal court interpretations of Federal Rule of Civil Procedure 24, which is substantially similar to Missouri's Rule 52.12. *Corson*, 640 S.W.3d at 789.

> The federal courts predominantly consider four factors in assessing the timeliness of a motion to intervene: 1) the length of time the proposed intervenor knew, or should have known, of the interest in the litigation before making the motion; 2) the prejudice to the existing parties that would result from the proposed intervenor's delay, 3) the prejudice to the proposed intervenor that would result if the motion is denied; and 4) the presence of unusual circumstances that militate either for or against a finding of timeliness.

*Id.* at 790.

6

When exercising its discretion in determining whether an application is timely, the circuit court must examine more than merely the amount of time that has elapsed since the initial case was filed. Rather, circuit courts must examine the circumstances surrounding the proposed intervention and the prejudice that may result to the parties from allowing or preventing intervention.

*Id.* at 789.

While Mother argues Grandmother's motion was untimely, the trial court did not deny Grandmother's motion on those grounds and treated the motion as timely filed. This made sense. Here, Grandmother filed her motion to intervene before any hearing or trial on the parents' motion to modify and several weeks *before* the parents submitted their proposed joint parenting plan. Finally, and importantly, Grandmother claimed she was denied visitation while the parents' motions to modify were pending and that she had been denied visitation approximately 60 days before retaining counsel. Thus, she did not wait to pursue her claim but filed the motion to intervene at the time the claim arose. All these factors militate in favor of treating the motion as timely filed.

### No Discretion to Deny if Grandmother Demonstrates Right to Intervene and Timely Motion

Because Grandmother demonstrated a statutory right to intervene and made a timely application to intervene, the trial court had *no* discretion to deny the motion to intervene. When Rule 52.12(a)'s criteria is met, the trial court must grant the motion. **Robinson**, 672 S.W.3d at 231.

Instead of focusing on Rule 52.12(a)'s criteria in deciding if Grandmother's motion to intervene should be granted, the trial court based its denial of the motion on the merits of Grandmother's motion to modify. This was a mistake because the question of whether Grandmother had been unreasonably denied

7

visitation for the statutory period went to the merits of Grandmother's motion to modify the dissolution decree—not whether the criteria for Rule 52.12(a) had been met.  That question—whether Grandmother met her burden in demonstrating she had been unreasonably denied visitation for the statutory period—could  only be answered *if* Grandmother was allowed to intervene in the matter and *after* she was afforded an opportunity to present evidence on that issue.  Here, Grandmother was not permitted to intervene and thus could not present evidence on that issue.  While Mother and Father's attorneys argued Grandmother was not being denied visitation, there was no evidence before the trial court to support that finding.[6]  "Arguments and statements of counsel are not evidence of the facts presented." ***Wilson v. Wilson***, 667 S.W.3d 181, 187 (Mo. App. W.D. 2023) (quoting ***Andersen v. Osmon***, 217 S.W.3d 375, 381 (Mo. App. W.D. 2007)).

The trial court erred in denying Grandmother's motion to intervene because Grandmother demonstrated an unconditional right to intervene and filed a timely motion.  Grandmother's point is granted.  We reverse and remand with instructions for the trial court to grant Grandmother's motion to intervene and then to conduct an evidentiary hearing on the merits of Grandmother's motion to modify.

---

[6] We also point out that the trial court applied the older version of section 452.402 when it found Grandmother failed to demonstrate she had been denied visitation for a period exceeding 90 days.  Section 452.402 was amended in 2019.  This amendment *decreased* the visitation denial period from 90 days to 60 days. ***X.P.E.L. by Next Friend C.T. v. J.L.L.***, 627 S.W.3d 592, 596 (Mo. App. E.D. 2021).  Because the amended version of this statute was the version in effect at the time Grandmother filed her motion, the amended version, with its decreased denial period, is the version that applies to this case. *See **S.E.M. v. St. Louis Cnty.***, 590 S.W.3d 378, 381 (Mo. App. E.D. 2019).

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS